UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:13 CV 894 DDN ) |
| THE YOUTH AND FAMILY CENTER, | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This action is before the court on the motion of defendant The Youth and Family Center for a more definite statement. (Doc. 6.) The court heard oral argument on July 9, 2013.

## **I. BACKGROUND**

On May 10, 2013, plaintiff West Bend Mutual Insurance Company commenced this action for a declaratory judgment against defendant The Youth and Family Center. (Doc. 1.) According to the complaint, the following allegedly occurred. Plaintiff is a Wisconsin corporation with Wisconsin as its principal place of business. (Id. at ¶ 1.) Defendant is a Missouri non-profit corporation with Missouri at its principal place of business. (Id. at ¶ 2.)

Plaintiff issued to defendant an insurance policy for property located at 2929 North 20th Street, St. Louis Missouri, 63107 with the effective dates of January 15, 2012 to January 15, 2013. (Id. at ¶ 9.) Plaintiff submitted a change endorsement to reduce the value of the property from $1,124,000.00 to $100,000.00, to become effective on the renewal date of January 15, 2013. (Id. at ¶ 10.) Defendant submitted a claim under the

insurance policy for damage incurred on January 11, 2013 as a result of a roof collapse. (Id. at ¶ 11.)

Although plaintiff attached some 240 pages of the insurance policy to the complaint, presumably in its entirety, plaintiff additionally sets forth within the complaint several quoted provisions that allegedly apply to defendant's claim. (Doc. 1 at ¶ 12; Docs. 1-1, 1-2, 1-3.) Specifically, plaintiff sets forth provisions relating to covered losses, vacancy, coinsurance, and defendant's duties in the event of a loss.

Plaintiff alleges that, based on its investigation of the facts and circumstances surrounding the loss, it concluded that the insurance policy excludes defendant's claim from coverage, or, alternatively, that the vacancy and coinsurance provisions insurance policy entitle defendant to less than the full amount of the loss. (Doc. 1 at ¶ 13.)

Plaintiff further alleges that defendant's breach of the policy conditions caused plaintiff to incur expenses for claim response, investigation, adjusting, evaluating and attorney fees. (Id. at ¶ 14.) Plaintiff seeks a determination of the rights and obligations of the parties under the policy, a declaration of plaintiff's entitlement to recovery of advance payments, expenses incurred in the investigation, adjustment, and evaluation of the claim, and attorney fees. (Id. at 10-11.)

## II. DISCUSSION

Defendant moves for a more definite statement of plaintiff's complaint. Specifically, defendant requests a fuller description of the facts and circumstances upon which plaintiff relies to allege that the claim is excluded, the specific provisions relating to vacancy and coinsurance upon which plaintiff relies to allege defendant entitlement to less than the full amount of the claim, and the legal basis for plaintiff's allegation of entitlement to expenses incurred and attorney fees.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to

remedy unintelligible pleadings." Resolution Trust Corp. v. Fiala, 870 F. Supp. 962, 977 (E.D. Mo. 1994). Rule 12(e) motions are generally disfavored, particularly when discovery will clarify the issues. Thrasher v. Missouri State Highway Comm'n, 534 F. Supp. 103, 106 (E.D. Mo. 1981), aff'd, 691 F.2d 504 (8th Cir. 1982); Zamora v. Massey-Ferguson, Inc., 336 F. Supp. 588, 592 (S.D. Iowa 1972).

Defendant argues that paragraphs 13 through 15 generally allege that defendant's asserted coverage under the policy is excluded or reduced by the facts that the loss occurred from a collapse (Doc. 1, ¶ 13), the property was vacant at the time of the collapse (Id. at ¶ 14), and the coinsurance provision in the policy (Id. at ¶ 15.) Further, defendant argues that ¶ 15 generally claims non-policy damages.

Plaintiff argues that defendant knows all about the bases for its refusal to pay the claim. 2 Moore's Federal Practice, § 12.36[3] (2nd ed. 2012) (the court can consider whether the movant already knows the information it is seeking by the motion). In response, defendant argues that plaintiff has yet to submit a formal letter rejecting the claim under the policy.

While the court is concerned that plaintiff has not specifically alleged the factual support for these alleged exclusions and plaintiff's entitlement to these damages, the law is clear that Rule 12(e) is not a vehicle for pretrial discovery. The complaint quotes the relevant provisions of the policy and alleges their legal effect in the circumstances of the case. This is sufficient to allow the defendant to respond to the complaint.

Accordingly, defendant's motion for a more definite statement is denied.

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendant The Youth and Family Center for a more definite statement (Doc. 6) is denied. Defendant may have 21 days from this date to respond to plaintiff's complaint.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 11, 2013.